```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION

RONALD JACKSON,

     Plaintiff,

v.                                      Case No. 2:22-cv-428-JES-KCD

MICHAEL FIORUCCI, MARK S. INCH,
AND DESOTO MEMORIAL HOSPITAL,

     Defendants.
```

## OPINION AND ORDER

Plaintiff initiated this action on July 11, 2022 by filing a pro se 42 U.S.C. § 1983 civil rights complaint along with a motion to proceed in forma pauperis. (Docs. 1, 2). Because Plaintiff seeks to proceed as a pauper, the complaint is now before the Court for initial screening.[1]

Upon review, the Court dismisses the complaint as a duplicate to an earlier complaint filed in this Court and for failing to state a claim on which relief may be granted. Because Plaintiff raises claims against defendants who cannot be sued under 42 U.S.C. § 1983, he will not be provided leave to amend.

---

[1] A prisoner who is allowed to proceed in forma pauperis in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. Complaint

The events giving rise to Plaintiff's claim occurred on July 15, 2021 at Desoto Memorial Hospital. (Doc. 1 at 4). Plaintiff asserts that he was taken to the hospital for hernia surgery. (Id. at 5). During the procedure, Defendant Doctor Michael Fiorucci cut his bladder, which caused internal pleading, but Defendant Fiorucci did not inform Plaintiff of the injury before discharging him. (Id. at 5, 7). Defendant Fiorucci only prescribed ibuprofen for pain. (Id. at 7).

## II. Discussion

As an initial matter, the Court notes that this complaint is merely a photocopy of a complaint already filed and dismissed in Middle District of Florida Case 2:21-cv-910-SPC-MRM. The prior dismissal was for failure to state a claim, and although it was without prejudice, Plaintiff was given leave to file a new complaint only if he could state a § 1983 claim against state officials. (Case 2:21-cv-910-SPC-MRM at Doc. 4, p. 3). Plaintiff did not change the defendants in this action (or alter the complaint in any manner), and this case is subject to dismissal for the same reasons set forth in the earlier order.

### A. Nether Defendant Fiorucci nor the Desoto Memorial Hospital are subject to suit under 42 U.S.C. § 1983.

Plaintiff does not allege facts suggesting that Dr. Fiorucci or Desoto Memorial Hospital are state actors. A person acts "under color of state law" for purposes of § 1983 when he acts with

2

authority possessed by reason of his employment with the state. A private doctor's and private hospital's treatment of a patient who happens to be a prisoner, without more, does not create liability under the Eighth Amendment. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."); Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 827 (7th Cir. 2009) ("[P]rivate organizations and their employees that have only an incidental and transitory relationship with the state's penal system usually cannot be said to have accepted, voluntarily, the responsibility of acting for the state and assuming the state's responsibility for incarcerated persons.").

Moreover, Plaintiff does not allege facts suggesting that Dr. Fiorucci or Desoto Memorial Hospital deprived him of a constitutional right. Rather, he asserts that his injuries were caused by "negligence or strict liability." (Doc. 1 at 3). To the extent Plaintiff attempts to state a claim against these defendants for negligence or medical malpractice, neither claim is actionable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Daniels v. Williams, 474 U.S. 327, 330 (1986) (allegation of mere negligence insufficient to state violation of constitutional right); McDowell

v. Brown, 392 F.3d 1283, 1294 (11th Cir. 2004) (medical malpractice claim insufficient to establish liability under § 1983).

Accordingly, any claims that Plaintiff attempts to raise against Defendants Fiorucci or Desoto Memorial Hospital under § 1983 are due to be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent Plaintiff alleges a state-law claim for medical malpractice or negligence, it should be filed in state court.

### B. Plaintiff has not stated a claim against Defendant Mark S. Inch.

Defendant Inch was the Secretary of the Florida Department of Corrections at the time of Plaintiff's surgery. Plaintiff does not indicate whether Defendant Inch is sued in his individual or official capacity. A suit against a state official in his or her official capacity is a suit against the official's office and is no different from a suit against the state. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Under the Eleventh Amendment, states and state agencies cannot be sued for monetary damages in federal court without consent. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought" and regardless of whether a plaintiff's claims are brought under federal or state law. Id. The Florida Department of Corrections (FDOC) is a state agency for Eleventh Amendment purposes. See, e.g., Walden v. Fla. Dep't of

4

Corr., 975 F. Supp. 1330, 1331 (N.D. Fla. 1996) (noting that the FDOC is "a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes"). Neither Florida nor the FDOC has consented to suit in federal court or waived Florida's Eleventh Amendment immunity with respect to any of Plaintiff's claims.

Even if Plaintiff sues Defendant Inch in his individual capacity, it is unclear on what grounds he attributes liability. He does not allege that Defendant Inch personally participated in any unconstitutional conduct, and supervisors cannot be sued under section 1983 on a theory of direct vicarious liability. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 694 n.58 (1978) (holding that local government cannot be held liable under a theory of respondeat superior). Rather, supervisory liability is established only when there is a "causal connection" between the supervisor's actions and the constitutional violation. See Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). This can occur "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Cottone v. Jenne, 326 F.3d a1352, 1360 (11th Cir. 2003). A plaintiff can also establish the necessary causal connection by showing that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights,"

5

Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991). Nothing in Plaintiff's complaint suggests that Defendant Inch had a custom or policy that contributed to Plaintiff's injury or that he was aware of widespread issues with the medical defendants' provision of medical care.

Plaintiff's claims against Defendant Inch are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Conclusion

Accordingly, it is now **ORDERED**:

1. Ronald L. Jackson's 42 U.S.C. § 1983 complaint is **DISMISSED** as duplicative. Alternatively, the complaint is dismissed in its entirety for failure to state a claim on which relief may be granted. The dismissal is without prejudice to Plaintiff raising his medical negligence claims in state court.

2. With no remaining claims or defendants, the Clerk is directed to terminate all pending motions, close the file and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on August 1, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies:   Ronald L. Jackson

6